## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **EDWARD T. LAIOS,** *et al.* | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Case No.: GJH-13-2953** |
| **MTM BUILDER/DEVELOPER** | * | |
| **INC.,** *et al.* | * | |
| **Defendants.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

This is a diversity action brought by Plaintiffs Edward T. Laios ("Laios") and Brightseat Development Associates, LLC ("Brightseat") against Defendants MTM Builder/Developer, Inc. ("MTM") and Dean F. Morehouse ("Morehouse") alleging that Defendant Morehouse abused his authority over Brightseat by giving himself unauthorized payments at the expense of Brightseat and Laios. This Memorandum and accompanying Order address Plaintiffs' Motion for Sanctions (ECF No. 62) relating to Defendants' failure to comply with the Court's Order to answer Plaintiffs' discovery requests. A hearing is unnecessary. *See* Local Rule 105.6. For the reasons stated below, Plaintiffs' Motion for Sanctions is GRANTED, in part, and DENIED, in part.

### I.     BACKGROUND

Brightseat is a Maryland limited liability company. ECF No. 45 at ¶ 4. Brightseat owns a parcel of real property in Prince George's County, Maryland. *Id.* Plaintiff Laios and non-party Morehouse Real Estate Investments, LLC each own a 47.5 percent member interest in Brightseat. *Id.* at ¶ 14; ECF No. 14 at 13. Gary Laios, who is not a party to this litigation, owns a

five percent interest in Brightseat. ECF No. 14 at 13. Defendant MTM is a Virginia corporation and is owned and controlled by Defendant Morehouse. ECF No. 45 at ¶¶ 9–10. MTM is the manager of Brightseat. *Id.* at ¶ 11.

Plaintiffs allege that MTM secretly paid itself management fees of $5,000.00 per month from Brightseat funds from September 2011 through at least July 2013. *Id.* at ¶ 26. Further, Plaintiffs assert that MTM secretly paid itself "development fees" from Brightseat funds totaling $53,885.51. *Id.* at ¶ 27. Plaintiffs accuse Morehouse of altering Brightseat's books and records to make it appear as if Brightseat owed Morehouse three quarters of a million dollars. *Id.* at ¶ 32. Plaintiffs claim that Morehouse also had an $850,000.000 dead of trust placed on Brightseat's property and then diverted $100,000.000 of that loan into his personal account. *Id.* at ¶ 37. Further, Plaintiffs contend that Morehouse used Brightseat funds to pay development fees to a third party incurred by a separate company owned by Morehouse. *Id.* at ¶ 68. Plaintiffs also assert that Morehouse has consistently refused to allow Laios to inspect Brightseat's books. *Id.* at ¶ 54. Based on these facts, Plaintiffs have made claims for breach of contract; breach of the fiduciary duties of loyalty, care, obedience, and information; fraud; conversion; fraudulent inducement; and Plaintiff have requested an accounting. ECF No. 45.

Defendants have filed a counterclaim, asserting that Laios is a predatory lender who uses loan agreements as a means of forcing borrowers to forfeit control of their businesses to Laios. ECF No. 14 at 12. Defendants assert that Laios has a duty under the operating agreement to compensate MTM as Brightseat's manager and not to block MTM's right to fees. *Id.* at 14. Defendants accuse Laios of buying Brightseat's tax lien certificate to force MTM to either forfeit its right to compensation or lose Brightseat to Laios at the tax sale. *Id.* at 15. Defendants allege

2

breach of contract and request a declaratory judgment that MTM is entitled to compensation and fees. *Id.* at 16–17.

A Scheduling Order was issued in this case on February 6, 2014. ECF No. 19. On February 18, 2014, Plaintiffs' counsel propounded interrogatories and requests for production of documents on both Morehouse and MTM separately. ECF No. 21. After two months of failing to receive any response, Plaintiffs noted a discovery dispute with the Court on April 22, 2014. *Id.* On April 24, the Court ordered Defendants to respond to Plaintiffs' first sets of interrogatories and requests for production of documents by May 2. ECF No. 23. These answered were later the subject of a motion to compel more responsive answers. ECF No. 38.

On July 17, 2014, Plaintiff served a second set of requests for production of documents on MTM, and, on July 21, 2014, Plaintiff served a second set of interrogatories on MTM and a second set of requests for production of documents on Morehouse. ECF No. 47 at 1. After receiving no response, on September 2, 2014, Plaintiffs noted another discovery dispute between the parties. *Id.* On September 4, 2014, the Court ordered Defendants to respond to the second sets of propounded discovery. ECF No. 49.

On October 9, 2014, the Court ruled on the motion to compel more responsive answers to Plaintiffs' first set of interrogatories and requests for production of documents, and in part, ordered Defendants to respond on or before October 15, 2014 to several pending and unobjected to requests. ECF No. 61. Although Defendants did comply with some parts of the Court's Order, Defendants did not respond by October 15, 2014 to the undisputed interrogatories and requests for production of documents. ECF No. 66 at 3. On October 27, 2014, Plaintiffs filed the instant Motion for Sanctions for Violation of the October 9, 2014 Order. ECF No. 62. Defendants responded to the discovery requests on October 31, 2014. ECF No. 66 at 3.

3

## II. DISCUSSION

Plaintiffs assert that Defendants should be sanctioned under Fed. R. Civ. P. 37(b)(2)(A),

which addresses the failure to obey a discovery order. ECF No. 62. Plaintiffs request that the

Court sanction Defendants for their failure to answer several interrogatories by the Court-ordered

deadline. *Id.* "Federal district courts possess great discretion to sanction parties for failure to

obey discovery orders." *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 518 (D. Md.

2000) (*citing Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)). Fed. R. Civ. P. 37(b)(2)(A)

provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an
> order under Rule . . . 37(a), the court where the action is pending may issue
> further just orders. They may include the following:
>
> (i)     directing that the matters embraced in the order or other designated facts
>         be taken as established for purposes of the action, as the prevailing party
>         claims;
> (ii)    prohibiting the disobedient party from supporting or opposing designated
>         claims or defenses, or from introducing designated matters in evidence;
> (iii)   striking pleadings in whole or in part;
> (iv)    staying further proceedings until the order is obeyed;
> (v)     dismissing the action or proceeding in whole or in part;
> (vi)    rendering a default judgment against the disobedient party; or
> (vii)   treating as contempt of court the failure to obey any order except an order
>         to submit to a physical or mental examination.

Further, under Fed. R. Civ. P. 37(b)(2)(C), "[i]nstead of or in addition to the orders above, the

court must order the disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." In determining

what sanction would be appropriate, the court evaluates "(1) whether the non-complying party

acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the

4

need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Foundation for Advancement, Educ. and Empl. Of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

The Court first addresses whether Defendants acted in bad faith in failing to obey the Court's Order directing Defendants to answer Plaintiffs' interrogatories. Generally, failing to obey a Court order is an act of bad faith. *See Kilborn v. Bakhir*, 70 Fed. Appx. 692, 693 (4th Cir. 2003) (". . . a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.") (*quoting* Hutto v. Finney, 437 U.S. 678, 689 (1978)) (internal quotation marks omitted); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 506 (D. Md. 2000) ("In cases of bad faith, courts have ordinarily found direct (and often repeated) violation of court orders."). Here, Defendants admit to failing to answer the interrogatories, claiming that ESI related discovery, which was also part of the Court's October 9, 2014 Order, was occupying all of Defense counsel's time. ECF No. 66 at 3. Although this may be true, Defense counsel represented to the Court that Defendants would be able to comply with the Court's Order and failing to do so is sufficient bad faith to warrant some form of sanctions.

The Court next addresses the prejudice Defendants have caused to Plaintiffs due to their failure to answer the interrogatories by October 15, 2014. Plaintiffs first propounded the discovery requests at issue on February 18, 2014. Defendants have failed to comply with at least some of these requests for eight months. Plaintiffs have called on the Court to help resolve discovery disputes related to these interrogatories on three separate occasions. *See* ECF Nos. 23, 38 & 62. Thus, Plaintiffs have certainly suffered added expenses, aggravation, and unnecessary delay from Defendants' repeated failures to comply with the discovery rules. *See, e.g., Parks v. Huff,* 955 F.2d 42, 1992 WL 21363, at *2 (4th Cir. 1992) (stating that expense and time lost

constitute prejudice); *McCloud v. SuperValu, Inc.*, No. 12-373, 2013 WL 1314964, at *4 (D.Md. Mar. 27, 2013) (same); *Khepera-Bey v. Santander Consumer USA Inc.*, No. 11-1269, 2013 WL 451325, at *3 (D.Md. Feb. 4, 2013) (same).

Plaintiffs assert that Defendants' failure to identify any fact-witnesses was "particularly prejudicial" because, without the identities of Defendants' witnesses, Plaintiffs were not able to notice depositions or take other discovery steps. *Id.* at 7. However, Defendants have now answered Plaintiffs' interrogatories and assert that Defendants' non-expert witnesses will be Defendant Morehouse and Plaintiff Laios. *Id.* at 3. Defendants claim that they do not intend to present any witnesses that are currently unknown to Plaintiffs. *Id.* at 3–4. As Plaintiffs had already planned to depose Morehouse and Laios is a Plaintiff, Plaintiffs have not missed any opportunities to depose any additional witnesses. Thus, the Court finds that the prejudice caused to Plaintiffs is not the failure to depose witnesses, but simply the aggravation of the delay and the expenses incurred to obtain the discovery.

As far as the third factor to be considered—the need for deterrence of the particular sort of non-compliance—Defendants' behavior does warrant sanctions. Defendants have made deterrence an important factor in this case by consistently showing an indifference to discovery deadlines. The particular discovery requests subject to this Motion for Sanctions have been pending for over eight months. Further, Defendants' failure to meet the October 15, 2014 Court-ordered deadline is not the Defendants' first missed deadline. Defendants also failed to respond to Plaintiffs' second set of interrogatories and requests for production of documents until ordered by the Court. *See* ECF No. 49. This behavior "frustrates the fundamental purpose underlying the discovery rules to provide adequate information to litigants in civil trials" and should be deterred. *Porreca v. Mitchell L. Morgan Mgmt., Inc.*, No. 08-1924, 2009 WL 400626, at *7

(D.Md. Feb. 13, 2009) (*quoting Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 36 (3d Cir. 1979)); *see also Wake v. Nat'l R.R. Passenger Corp.*, No. 12-1510, 2013 WL 1316431, at *3 (D.Md. Mar. 27, 2013) ("The third factor, the need for deterring this type of conduct in the future, is also easily met, as Plaintiff has demonstrated an inclination towards ignoring the Federal Rules of Civil Procedure, Discovery Guidelines of this Court, and direct Court Orders.").

Finally, the Court considers what sanctions will be the least drastic yet effective. The proper sanction under Fed. R. Civ. P. 37(b) for a party's failure to obey a court order regarding discovery should be no more severe than is necessary to prevent prejudice to the other party. *Wilson v. Volkswagon of American, Inc.*, 561 F.2d 494, 504 (4th Cir. 1977). Thus, the court focuses on the extent to which one party's failure to respond to discovery impaired the other party's ability to prosecute or defend when sanctioning a party for the failure to obey a court order. *Id.* at 516. Precluding evidence typically requires some strong evidence of prejudice. *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. 09–2357, 2011 WL 1559308, at *6 (D.Md. Apr. 25, 2011).

Plaintiffs request that the Court sanction Defendants by finding certain facts conclusively established and striking Defendants' affirmative defense and counterclaim relating to Defendants' allegations that Laios engaged in misconduct. ECF No. 62. However, as discussed above, Defendants' untimely responses have not caused Plaintiffs to lose the opportunity to depose witnesses who may testify that Laios engaged in misconduct. To be sure, Plaintiffs have suffered some prejudice, but striking Defendants' affirmative defense and counterclaim or conclusively establishing that Laois did not engage in any misconduct are not apropos to Plaintiffs' prejudice of delay, expenses, and aggravation. Instead, the appropriate sanction is

attorney's fees and the costs incurred because of Defendants' violation of the Court's October 9 Order. The Court believes that this sanction, being less severe than Plaintiffs' request, is equally as likely to deter and dissuade Defendants from committing any future violations.

## IV. CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Sanction is GRANTED, in part, and DENIED, in part. Plaintiffs are awarded monetary sanctions against Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(C) for the reasonable expenses, including attorney's fees, caused by the failure of Defendants to timely comply with the October 9 Order. Plaintiffs are to submit a task-based itemized statement of fees and expenses within ten days. Defendants will then have ten days to respond.

A separate Order shall issue.

Dated: November 12 , 2014

GEORGE J. HAZEL
United States District Judge